UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHERRY KNOLL, LLC, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:16-CV-00982 |
| § | |
| HDR ENGINEERING, INC., § | |
| *Defendant*. § | |

### HDR'S AMENDED REPLY RE MOTION TO DESIGNATE NEWLY-DISMISSED DEFENDANT AS RESPONSIBLE THIRD PARTY

### I. Introduction

HDR moved to designate the City as a responsible third party less than twenty-four hours after the City settled with Cherry Knoll and became a third party rather than a defendant. Under Texas law, co-defendants and responsible third parties are included in the jury charge as proportionally liable entities. Had the City remained a co-defendant, it would have been included in the charge as a proportionally liable party, *without the need for any further action by HDR*. By designating the City as soon as it became a third party, HDR maintained Texas's statutory scheme.

Cherry Knoll nevertheless asserts that it has discovered a previously-unknown loophole in the Texas statute: a plaintiff can litigate against a co-defendant until the eve of the pretrial conference, settle and dismiss the co-defendant, and claim it is too late for an RTP designation. Cherry Knoll fails to cite a single case endorsing its approach. The Court should grant the motion.

In the alternative, the Court should grant HDR leave to file a Motion for Reconsideration of the order exercising supplemental jurisdiction over the Texas fraud claim. The fraud claim in this Court against the City has now been dismissed. The Court should not make new Texas RTP law on the exact Texas fraud claim already dismissed with prejudice by the Travis County District Court.

## II. Argument and Authorities

### A.     Judge Lane's prior order is inapplicable.

Cherry Knoll's lead argument is an attempt to avoid scrutiny of its substantive position: Cherry Knoll asserts that Judge Lane's prior RTP order applies here. Cherry Knoll is wrong. Judge Lane previously rejected HDR's motion to designate two RTPs. Those parties were former defendants, but had been dismissed from the case for a year and a half prior to HDR's designation. *Compare*, ECF No. 146 (dismissal) *with* ECF No. 197 (motion to designate). This motion presents the opposite situation. As of the morning of April 9, 2020, the City was to be included on the jury charge as a proportionately responsible co-defendant. That afternoon, the City was dismissed pursuant to its settlement with Cherry Knoll.[1]  ECF No. 146. Less than twenty-four hours later, HDR moved to designate the City as a RTP, so that it would continue to be included on the jury charge. In sum, Cherry Knoll's argument on the earlier RTP motion was that HDR waited too long to designate the dismissed defendants. In contrast, Cherry Knoll now effectively argues that parties *cannot* designate a dismissed defendant as a RTP, even when the designation is immediate.

### B.     Cherry Knoll misstates the law and facts.

Cherry Knoll argues that HDR's motion should be denied because HDR did not plead sufficient facts against the City in HDR's answer. Cherry Knoll's position has been expressly rejected by this Court: "a defendant must plead sufficient facts in its motion to designate a responsible third party, not in its previously filed answer." *Waggoner v. Wal-Mart Stores Texas, L.L.C.*, No. A-07-CA-0703-JRN, 2009 WL 10669214, at *4 (W.D. Tex. Feb. 20, 2009), *see also*

---

[1] Cherry Knoll concedes that a motion is unnecessary to include a "settling person" in the charge. ECF No. 247 at 2 n.2. If necessary, HDR will address the issue at the charge conference.

*id.* at *4 n.4 (collecting cases and analyzing statutory text).  Cherry Knoll cannot and does not deny that HDR's motion to designate pled sufficient facts to establish RTP status.

Even assuming that HDR's answer were the relevant pleading, Cherry Knoll's argument would still fail.  Cherry Knoll omits the fact that HDR's answer explicitly invoked Chapter 33's proportionate liability scheme as to the fraud claim.  ECF No. 159, answer, ¶ 208.  And HDR's answer stated that it provided the two non-disclosed appraisals to the City and denied that HDR "was part of any strategic choice related to the appraisals."  ECF No. 159, answer, ¶ 45.  More broadly, Cherry Knoll's suggestion HDR prevented it from preparing its case against the City is inexplicable.  Cherry Knoll extensively litigated its case against the City, only dismissing its claims against the City pursuant to settlement shortly before the final pretrial conference.  Cherry Knoll deposed eight city witnesses, including its current mayor, former mayors, and city manager.  Exhibit A (deposition notices).  And the city manager testified that he and the City's attorney made the decision to not disclose the two appraisals, and that the City did not consult HDR about it.  Exhibit B (Jones deposition, 132:4–12).  This testimony was unsurprising: Cherry Knoll's complaint alleged that "HDR . . . knowingly participated in *the City's* fraud."  ECF No. 85, complaint, ¶ 155.

Finally, Cherry Knoll argues that Chapter 33 does not apply because HDR did not litigate against the City with sufficient aggression.  For example, Cherry Knoll argues HDR cannot invoke Chapter 33 because it did not "notice a single City witness for deposition," even though key and ancillary City witnesses were deposed by Cherry Knoll.  Cherry Knoll's complaint that HDR did not duplicate this work has nothing to do with Chapter 33.  Chapter 33 requires only that the motion to designate be timely and give notice of HDR's position.  Chapter 33 does not require that HDR litigate against the City aggressively enough for Cherry Knoll's liking.  Moreover, Judge Lane has

already admonished the parties for over-litigating the case. Cherry Knoll's suggestion that HDR needed to re-do Cherry Knoll's work is removed from common sense as well as Chapter 33.

### C. HDR satisfied Chapter 33's substantive and procedural requirements.

Chapter 33 presents a low hurdle for RTP designations. Its substantive component requires only "a short statement of the cause of action sufficient to give fair notice of the claim involved." *Sullivan v. Round Rock*, A–14–CV–349–AWA, 2017 WL 3015423, at *2 (W.D. Tex. July 14, 2017) (internal punctuation omitted). The standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Id.* (internal punctuation omitted). Cherry Knoll cannot and does not deny that HDR satisfied this standard. The fraud claim is solely based on non-disclosure of two appraisals. As HDR's motion explained, "it is undisputed that HDR did not disclose the earlier appraisals based on direction from the City."

Likewise, Chapter 33's timeliness requirement is satisfied. Cherry Knoll creates a strawman by distinguishing *Curlee*, a case cited by HDR in a footnote, rather than affirmatively explaining how the designation was untimely. In *Curlee*, the Court found the motion timely based on the plaintiff's knowledge of the relevant facts, while ultimately denying the motion because— in sharp contrast to the City's undisputed role in the nondisclosure here—the court had already rejected the factual allegations against the third party via summary judgment. *Curlee v. United Parcel Serv., Inc.*, No. 3:13-CV-00344-P, 2014 WL 11516541, at *2–3 (N.D. Tex. Dec. 12, 2014). Under Chapter 33 Section 33.004(d), the designation must be within the limitations period if the plaintiff requests the identity of RTPs in discovery. It is undisputed that the designation was brought within the limitations period. ECF No. 223 n.1. Therefore, even assuming that Cherry Knoll's discovery request in the state case applied, HDR's motion was timely. Some federal courts

have looked to whether the plaintiff's pleadings demonstrated awareness of facts suggesting the RTP's liability. *Id.* at 4 n.3. Cherry Knoll cannot and does not deny it was aware of the City's liability. It litigated this case against the City and ultimately settled with the City. Finally, yet other federal courts have looked to each case's circumstances. *Id.* at 3. HDR designated the City as a RTP immediately upon its transition from a co-defendant (that would be listed on the charge as proportionately liable) to a third party. The motion should be granted.

### D. In the alternative, the Court should reconsider its exercise of supplemental jurisdiction over the Texas fraud claim.

Alternatively, if the Court concludes that Cherry Knoll raises a novel question of Texas law regarding Chapter 33's applicability when a defendant is dismissed pursuant to settlement and immediately designated as a RTP, HDR would move for leave to file a motion for reconsideration of HDR's motion to decline supplemental jurisdiction. *See* ECF No. 211, motion to decline. *See Hicks v. Austin Indep. Sch. Dist.*, 564 Fed. Appx. 747, 749 (5th Cir. 2014) ("the Supreme Court has for nearly half a century cautioned federal courts to avoid needless decisions of state law."). Mindful of the Court's concerns with over-litigation of this case, HDR would succinctly make the argument in this Reply. However, Cherry Knoll contends that this issue should be addressed in leave motion briefing, followed by full substantive briefing.

### III. Conclusion

From this case's 2016 inception until the eve of trial, the City would have appeared on the jury charge side-by-side with HDR as a proportionately responsible party on the fraud claim. For almost 4 years, the fraud allegation against HDR has remained the same. HDR: (1) knew that the City withheld from Cherry Knoll two appraisals related to the acquisition of 1.7 acres; and (2) HDR did not circumvent its client's instructions by disclosing the appraisals. The evidence has borne out those allegations. There is no evidence that HDR had any active role in the City's

...

...

decisions. To the contrary HDR questioned these decisions and was told that the City acted on advice of counsel. And for almost two years Cherry Knoll inexplicably claimed $1.8 million in economic damages—until it served amended disclosures only a few months ago and changed that to **$260,582**. Knowing that it continues to own the subject property within the City limits, and seeks the City's cooperation to zone, develop, and/or market the property, Cherry Knoll has settled with the City for no monetary consideration and seeks to force HDR to trial as the only defendant a jury can find responsible. Texas law does not permit this result.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: /s/ *Susan Ayers*
Susan Ayers
State Bar No. 24028302
sayers@jw.com
Peter C. Hansen
State Bar No. 24066668
phansen@jw.com

100 Congress, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 - Fax

**ATTORNEYS FOR DEFENDANT
HDR ENGINEERING, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2020, a true and correct copy of the foregoing document has been sent by electronic mail through ECF filing in accordance with the Federal Rules of Civil Procedure and the local rules for the Western District of Texas to the following:

James Matthew Schober
Ryan G. Kercher
SCHOBER & SCHOBER, P.C.
400 W. 15th Street, Suite 1405
Austin, Texas 78701

                                            */s/ Peter C. Hansen*
                                            Peter C. Hansen